

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2004

# Mikruk v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mikruk v. US Postal Ser" (2004). *2004 Decisions.* Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3192

_____

JOSEPH M. MIKRUK
<u>Appellant</u>

v.

U.S. POSTAL SERVICE;
JOHN E. POTTER, POSTMASTER GENERAL

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(Civ. No. 00-2232)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 27, 2004

_____

Before: NYGAARD, AMBRO, and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: November 10, 2004)

_____

OPINION

_____

Garth, <u>Circuit</u> <u>Judge</u>:

Appellant Joseph Mikruk appeals from the District Court's grant of summary

judgment in favor of Appellee John Potter, Postmaster General (the "Postmaster

General") of the United States Postal Service ("USPS"), on Mikruk's disability discrimination claim. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. §1291. We will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount only those facts that are relevant to the issues before us. Mikruk is a type 1 "brittle" diabetic. His condition is controlled primarily through insulin, diet and a strictly regimented schedule. Mikruk's supervisors were aware of his condition. From 1983 to 1993, he was employed with the USPS as a letter carrier. In 1993, Mikruk bid on and was awarded a maintenance position. His working hours were 6:30 a.m. to 3:00 p.m. and he was off on Wednesday and Saturday.

In December 1998, Mikruk was assigned new scheduled hours of 10:00 a.m. to 7:00 p.m. with days off on Wednesday and Thursday. Mikruk refused to work the new schedule and did not return to work after December 1998. The USPS terminated Mikruk in October 2000.

Mikruk filed suit alleging disability discrimination under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. In his amended complaint, Mikruk claimed that the Postmaster General failed to make reasonable accommodations for his disability, *i.e.,* his diabetes, when he changed Mikruk's work schedule. Mikruk further stated that his schedule was changed in retaliation for a letter he wrote to the main post office in

Harrisburg, Pennsylvania, detailing an alleged affair between Mikruk's supervisor and the union president. Mikruk also alleged that the Postmaster General treated Mikruk more harshly than similarly situated people without diabetes.

On December 31, 2002, the Postmaster General moved for summary judgment on the grounds that (1) Mikruk failed to establish a *prima facie* case of disability discrimination because there was no evidence that he was disabled within the meaning of the Rehabilitation Act or that his employer took adverse action because of a disability, (2) there was no evidence of similarly situated employees outside of Mikruk's alleged protected class who were treated more favorably than he was, and (3) the Postmaster General had made appropriate accommodations for Mikruk's condition.

In an opinion dated May 30, 2003, the District Court granted the motion for summary judgment, finding that Mikruk failed to make out a *prima facie* claim of discrimination. Specifically, Mikruk argued that he was disabled because he was substantially impaired in the major life activity of work. The District Court concluded, however, that Mikruk was not substantially impaired because he had not produced evidence to support the conclusion that he was unable to work in a broad class of jobs. Because it found that Mikruk did not make out a *prima facie* claim, the District Court did not reach the Postmaster General's alternative arguments for summary judgment.

## II.

We exercise plenary review over the District Court's grant of summary judgment

and apply the same standard as the District Court, i.e., whether there are any genuine issues of material fact such that a reasonable jury could return a verdict for the plaintiff. *Fed. R. Civ. P.* 56(c); *Debiec v. Cabot Corp.*, 352 F.3d 117, 128 n.3 (3d Cir. 2003) (citation omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Applying that standard here, we conclude that the District Court properly granted summary judgment in favor of the Postmaster General.

To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, Mikruk must show that (1) he has a disability, (2) he is otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation, and (3) that he was terminated or prevented from performing the job. *Mengine v. Runyon*, 114 F.3d 415, 418 (3d Cir. 1997). An individual with a disability is a person who:

> (A) has a physical or mental impairment that substantially limits one or more major life activities of such person;
> (B) has a record of such impairment; or
> (C) is regarded as having such impairment.

29 U.S.C. § 705(20)(B). As noted above, the District Court found that Mikruk failed to establish a *prima facie* claim of discrimination because he failed to demonstrate that he was substantially impaired in the major life activity of work. On that basis it granted the Postmaster General's motion for summary judgment.

On appeal, Mikruk does not dispute the District Court's conclusion that he was not substantially impaired in the major life activity of work. Instead, he argues that the

District Court erred by not first considering whether he was substantially impaired in other major life activities, specifically eating. A review of the record demonstrates that Mikruk failed to raise that issue before the District Court. Instead, as the District Court found, Mikruk asserted only that his impairment "limits a major life activity, work."

It is well established that the failure to properly raise an argument before the district court constitutes a waiver of the right to raise that argument on appeal, absent compelling or exceptional circumstances. *See Gucci America, Inc. v. Daffy's, Inc.*, 354 F.3d 228, 233 n.3 (3d Cir. 2003) (citation omitted). On appeal, Mikruk does not contend that compelling circumstances are present. Instead, he asks the Court to read his argument – that he is substantially limited in the major life activity of eating – as "inextricably related to his work."

We decline to address this issue for the first time on appeal. Notably, Mikruk had several opportunities to develop this argument before the District Court but failed to do so. Because Mikruk did not establish that he was substantially impaired in a life activity, the District Court correctly concluded that he failed to make out a viable discrimination claim. Therefore, its grant of summary judgment in favor of the Postmaster General was proper.

As a final matter, we note that because Mikruk waived the issue, we need not decide whether eating is a major life activity within the meaning of the Rehabilitation Act. While language in our recent opinion in *Fiscus v. Wal-Mart Stores, Inc.*, — F.3d —,

2004 WL 2219323 (3d Cir. 2004), may be read as indicating, but not holding, that eating does constitute a major life activity, that case is distinguishable.[1]  Moreover, the present record does not support Mikruk's argument raised for the first time on appeal.

### III.

Accordingly, we will AFFIRM the judgment of the District Court.

---

[1] *Fiscus* involved a plaintiff with end stage renal disease who was required to undergo kidney dialysis several times a day.  We held there that kidney failure was a covered disability under the Americans with Disabilities Act because the inability to cleanse and eliminate body waste substantially impairs a major life activity.  Furthermore, whether eating is or is not a major life activity within the meaning of the Rehabilitation Act cannot be decided here as that issue was never raised in the District Court, as we noted *supra* in text.